IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>             Plaintiff,      )<br>                              )<br>      v.                      )<br>                              )<br> TROY J. LINK,                )<br>                              )<br>             Defendant.       ) | 4:06CR3125<br><br>**MEMORANDUM<br>AND ORDER** |

      This is an appeal from the sentence Magistrate Judge Piester imposed on Troy J. Link (Link). After careful study,[1] I will reverse the sentence because the presentence report did not comply with the mandatory requirements of Federal Rule of Criminal Procedure 32, and the resulting sentence must be deemed "unreasonable."

      Because this relatively insignificant case has already consumed too much of the court's time, and a remand to Judge Piester will require the expenditure of even more of the court's time,[2] I will exercise my discretion to take control of this case from here on out. See 18 U.S.C. § 3401(f) (the "district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge upon the court's own motion . . . ."). See also NECrimR 58.1(c).

      In doing so, I wish to make plain that I withdraw the reference to expedite matters and for no other reason. To be specific, I do <u>not</u> withdraw the reference

---

    [1]This included telephonic oral argument held on January 8, 2007.

    [2]As a part of the appeal process, I have been provided with a good bit of information on the history and characteristics of the defendant. Judge Piester would have to familiarize himself with that information should I remand the case to him. Since I have already read this material, requiring Judge Piester to read it is as well is a waste of time.

because I disagree with the sentence that Judge Piester imposed. <u>See</u>, <u>e.g.</u>, <u>United States v. Kilpatrick</u>, 347 F. Supp. 2d 693, 704 (D. Neb. 2004) (Kopf, J.) (in an unlawful deer hunting case, affirming a sentence of probation, fines and a ban on hunting levied by Judge Piester "even though another judge might impose a very different sentence.")

## *I. BACKGROUND*

This appeal challenges a sentence in a misdemeanor case. As a district judge, I have jurisdiction to resolve this timely[3] appeal pursuant to 18 U.S.C. § 3742(a)&(h). <u>See</u> also Fed. R. Crim. P. 58(g)(2)(B).

Throughout these proceedings, Link has been represented by retained counsel. His lawyers are capable and experienced. Counsel for the government is equally able and experienced. The lawyers have stipulated to the record on appeal. (Filing 30.) It is from that record[4] that the following information has been derived.

---

[3]The notice of appeal was filed on October 23, 2006. (Filing 14.) The sentence appealed from was orally pronounced on September 20, 2006. (Filing 24.) The judgment was filed on September 26, 2006. (Filing 8.) Pursuant to a motion filed by the defendant on September 29, 2006 seeking a correction and a clarification (filing 10), Judge Piester amended the sentence on October 6, 2006, and he also gave Link an additional ten days from that date to appeal. (Filing 13.) The judge had this power under Federal Rule of Appellate Procedure 4(b)(4). As a result, under Federal Rule of Appellate Procedure 26(a), Link had until October 23, 2006 to file his notice of appeal. Under that Rule, weekends are excluded when (like here) the period is less than 11 days. Fed. R. App. P. 26(a)(2)&(3). In addition, Columbus Day (October 9, 2006) is a federal holiday and the Rule excludes federal holidays from the time count when the period is less than 11 days. Fed. R. App. P. 26(a)(2)&(4).

[4]Since the stipulated record includes "briefs" and "related documents" (filing 30), I have considered the attachments to Link's appellate brief. In particular, these

### *The Charge, the Petition to Enter a Guilty Plea and the Plea Agreement*

The defendant was charged in an information filed on September 20, 2006. (Filing 1.) The information alleged that on or about November 18, 2004, the defendant used a helicopter to harass deer in violation of 16 U.S.C. § 742j-1(a)(2).[5] Under that statute, the maximum penalty is a prison term of not more than one year. Id. § 742j-1. Pursuant to 18 U.S.C. § 3571(b)(5), the maximum fine is $100,000. In addition, a period of probation of up to 5 years is authorized by 18 U.S.C. § 3561(c)(2). Because the maximum term of imprisonment was one year, the information charged a Class A misdemeanor. 18 U.S.C. §§ 3559(a)(6), 3581(b)(6). That is the most serious type of federal misdemeanor. Id.

On September 20, 2006, the same day the information was filed, the defendant filed a petition to enter a plea of guilty. (Filing 5.) Attached to that petition was a plea agreement. (Filing 6.) The record reflects that the parties had been negotiating the plea agreement for nearly a year.

In the petition, Link represented that he knew that unless he was pleading guilty pursuant to Rule 11(c)(1)(C), the sentence he would receive was solely a matter for the judge to decide. (Filing 5 ¶ 12(b) at 5.) He also represented in writing that no promises had been made to him that caused him to plead guilty aside from the promises, if any, set forth in the plea agreement. (Filing 5 ¶ 36 at 12.)

---

submissions include (a) an affidavit explaining defense counsel's conversations with the probation officer regarding the presentence report and (b) numerous affidavits describing Link's history and characteristics. (Filing 15, exhibits A-J.) In the same vein, I have considered the affidavit of counsel for the government. (Filing 29, attachment.)

[5]Among other things, that statute makes it a crime to use "an aircraft to harass any . . . animal[.]"

The plea agreement contained three primary elements. First, the United States Attorney agreed not to prosecute Link any further for criminal activity pertaining to use of the helicopter that took place in Nebraska in November of 2004. (Filing 6 ¶ 3(a) at 1.) Second, the United States Attorney agreed not to seek a forfeiture of the helicopter that Link used. (Filing 6 ¶ 3(b) at 1.) Third, the parties agreed that (a) a fine of $2,500 would be imposed, (b) two years of probation would be required, (c) the defendant would not be prohibited from hunting while on probation, (d) detailed financial reporting would not be required as a condition of probation, (e) probation would be limited to insuring that Link continued to be employed and did not violate the law again, (f) probation would be supervised by the District of Nebraska, and (g) "this plea is not tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure." (Filing 6 ¶ 3(c) at 1-2.)

### *The Presentence Report*

The probation officer provided Judge Piester with a document dated September 13, 2006, which she described as an "abbreviated presentence report." (Filing 7 at 1.)[6] Apparently because of the desire of the parties to resolve the case at one hearing,[7] Judge Piester did not issue an order establishing a schedule for preparation of the presentence report or submission of objections to the report. See Fed. R. Crim. P. 32(e)-(g); NECrimR 32.1(b).

---

[6]At my direction, a representative of the probation office filed another copy and clarified that the presentence report also included the officer's sentencing recommendation. (Filing 33 & text entry.)

[7]It would be unfair to criticize the probation officer or Judge Piester for rushing things when it is apparent that both of them were trying to accommodate the parties. Indeed, nothing in this opinion should be construed as a criticism of the judge or the probation officer.

Defense counsel swears that on August 22, 2006, he advised the probation officer that he and Link would participate in an interview with the probation officer by phone because the lawyer was involved in a jury trial that would take place on September 11, 2006, and Link was out of the country and would not return until September 11, 2006. (Filing 15-2, Ex. B, ¶ 12 at 3.) In this regard, defense counsel had a right to participate in the interview. Fed. R. Crim. P. 32(c)(2); NECrimR 32(a)(2).

However, sometime during the week of September 11, 2006, defense counsel represents that "the probation officer assigned to the case indicated to counsel via email and voicemail . . . that she had decided to perform an expedited presentence investigation report ('PSR') in this case without a phone interview of Mr. Link." (Filing 15, Ex. B, ¶ 13 at 3.) Counsel for the government does not dispute this assertion.

In the shortened PSR, the probation officer recounted that investigative reports established that Link was following six mule deer with his helicopter at an altitude of about 100 feet. However, there was no evidence that Link was hunting the deer or helping others to hunt the deer. The government also had no information that the deer were killed or harmed. (Filing 7 at 1-2.) Flight logs for November 18, 2004, verified that Link had piloted the helicopter from Alliance, Nebraska to Valentine, Nebraska, and ultimately to Huron, South Dakota. In statements to law enforcement authorities, Link admitted following the deer, but denied that "he [was] intentionally chasing or harassing" the animals. (Filing 7 at 2.)

Regarding the Guidelines,[8] the probation officer reported that Link had no criminal history,[9] his total offense level was 4, the advisory Guidelines range for prison was 0-6 months, the advisory Guidelines fine range was $250-$5,000, and the defendant was eligible for probation. (Filing 7 at 3.) The officer did not compute the range for probation. Had she done so, the computation would have revealed a range of 0 to 3 years. U.S.S.G. § 5B1.2(a)(2).

The probation officer discussed the plea agreement. She agreed that a prison sentence was not needed. (Filing 7 at 4.) But, she disagreed with the parties about probation. She said that "this officer has not been provided any information to determine if Mr. Link is a suitable candidate for probation." (Filing 7 at 3.)[10] She stated that "it appears that a term of probation is unnecessary given the defendant's lack of criminal history, and his willingness to pay a fine at . . . sentencing." (Filing 7 at 3.)

The officer also stated her views about an appropriate fine. (Filing 7 at 3.) The officer observed that "Link ha[d] not provided any access to his financial records, and information this office has received is that he holds a significant interest in [a company]," and thus "it appears that fine of $5,000 is more appropriate." (Filing 7 at 3-4.)

---

[8] Since this was a Class A misdemeanor, the advisory Guidelines applied. Compare U.S. Sentencing Guidelines Manual (USSG) § 2Q2.1 (Nov. 2005) (applying Guidelines to offenses involving fish, wildlife and plants) with USSG § 1B1.9 (excluding application of the Guidelines for Class B and C misdemeanors and infractions).

[9] The only blemish was a 1993 disorderly conduct charge stemming from an incident at a college parade. (Filing 7 at 2.) That charge was dismissed.

[10] From information provided by defense counsel, the probation officer did note that Link "is an avid hunter." (Filing 7 at 3.) No details were provided.

The officer concluded that if probation was required, it should either be "unsupervised probation" (filing 7 at 3) or, if supervised probation was imposed, the probation should include a "hunting restriction" (filing 7 at 4). Nonetheless, the probation officer, again, recommended against probation. (Filing 7 at 4.)

### *The Hearing and the Sentence*

Judge Piester conducted a consolidated arraignment, plea and sentencing hearing on September 20, 2006. (Filing 28 (transcript).) The defendant was informed of the charges and penalties, consented to proceed before Judge Piester for trial and sentencing, entered a plea of guilty and was sentenced.

Judge Piester fully and completely complied with Rule 11 of the Federal Rules of Criminal Procedure. In particular, he confirmed that the plea agreement was <u>not</u> tendered pursuant to Rule 11(c)(1)(C).[11] (Filing 28 at 12-13.) He also made it crystal clear to Link that he was not bound to follow the plea agreement.[12] (Filing 28 at 12-14.)

---

[11] Under that Rule the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply" and if they do "such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

[12] Counsel for the government also represents that before the hearing Judge Piester "was good enough to forewarn [the lawyers] that he was not going to follow the sentence recommended by the parties in the plea agreement." (Filing 29-2, ¶ 4 at 2.) According to the government's lawyer, the judge did not, however, tip his hand as to what sentence he might impose. Defense counsel does not dispute these assertions.

Both lawyers acknowledged receipt of the presentence report. (Filing 28 at 19, 23.) Both lawyers also expressed, in the words of Judge Piester, a "semi-objection" to the report to the extent that the report's sentencing recommendation did not follow the plea agreement. (Filing 28 at 23.) They did not otherwise object to the report. In response, Judge Piester stated that he did not intend to follow the sentence recommended by the parties. (Filing 27 at 30, 34.)

When it came time for sentencing, counsel for the defendant described Link as a person of good character, who possessed an estimable reputation, who worked in an "outdoor business" and who "spends a lot of time flying all over the world, not only hunting, but also . . . dealing with conservation." (Filing 28 at 25.) After apologizing to "fellow hunters[,]" Link briefly told Judge Piester about spending "a lot of . . . time and energy preserving and conserving animals around the world and working for non-profit organizations to help preserve and conserve animals" as evidence of the fact that he was truly sorry. (Filing 28 at 30.) Very little else was said about Link's history and characteristics.

When Judge Piester pronounced sentence (filing 28 at 30-33), he did not refer to the defendant's history or characteristics. See 18 U.S.C. § 3553(a)(1) (listing the "history and characteristics of the defendant" as one of the factors that must be considered at sentencing). Instead, the judge concentrated solely on the fact that this case involved "a very, very serious misdemeanor offense" that "involves creatures which have no understanding of what machines may be around them." (Filing 28 at 30-31.)[13] The judge's "statement of reasons" did not mention Link's "history and characteristics" either. (Filing 9.)

---

[13]In this regard, the judge mentioned "the factors that the court is required to consider under 18, United States Code, Section 3553" when stressing that "this is a very, very serious misdemeanor." (Filing 28 at 30.) I presume the judge was specifically referring to 18 U.S.C. § 3553(a)(2)(A) (listing the seriousness of the offense as one of the factors to be considered at sentencing).

The judge did not impose a prison sentence. Rather, he imposed a fine of $5,000 and two years of probation. (Filing 28 at 31-33.)[14] Among other things, the probation terms contained a prohibition against fishing, trapping or hunting; a prohibition against accompanying anyone else while they were fishing, trapping or hunting; a prohibition against entering wildlife areas; and a prohibition against flying over, or allowing the defendant's aircraft to fly over, wildlife areas. The probation terms also required Link to notify the probation officer if he intended to travel and to report to the probation office.

The Guidelines calculations set forth in the PSR were correct. The sentence handed down by Judge Piester was within the advisory Guidelines ranges. None of that is disputed.

### *Link's History and Characteristics as Shown by the Affidavits*

On appeal, Link has presented numerous affidavits that address his history and characteristics. (Filing 15-2, Ex. F, tabs 1-12; filing 15-5, Exs. G, H, I, J.) In detail, they claim that Link is highly regarded by community leaders who know him well; that Link runs a big business with a lot of employees; that Link's business (selling "beef jerky") targets outdoorsmen; that he is a hunting and fishing enthusiast; that he has devoted considerable time, energy and money to the conservation of wild things and to non-profit organizations dedicated to the conservation of wildlife; that he frequently comes to the aid of individuals who are less fortunate; and that various small communities, particularly in South Dakota, have benefitted from Link's humanitarian efforts. In addition, the affidavits assert that Link's conditions of probation, particularly the hunting and flying prohibitions, are unnecessary, counter-productive, harmful to Link's business, harmful to various non-profit entities and harmful to certain small communities.

---

[14] The written judgment appears at filing 8.

## *II. ANALYSIS*

Although Link couches his arguments in a variety of ways, his primary claims are two in number. First, he argues that Judge Piester abused his discretion when he failed to follow the recommended sentence in the plea agreement. Second, Link argues that Judge Piester's sentence, particularly the part that banned the defendant from hunting and flying, and associating with others while doing so, failed to take into account Link's history and characteristics as required by 18 U.S.C. § 3553 and was thus unreasonable.[15]

I reject the first argument because it is entirely lacking in merit. However, after examining the second argument in the light of the statutorily required, but deficient, presentence report, I am persuaded by Link's alternative claim for relief.

### *Failing to Follow the Sentence Recommended by the Plea Agreement*

I reject Link's argument that I should reverse his sentence because the judge failed to follow the sentence recommended by the plea agreement.[16] When a plea

---

[15]Link also argues that because Judge Piester failed to consider the defendant's history and characteristics Judge Piester caused an unwarranted sentencing disparity. (Filing 31 at 7-10.) In the same vein, he argues that when Judge Piester failed to consider the defendant's history and characteristics, he also failed to follow the law on departures and variances. (Filing 31 at 11-13.) These are merely restatements of the second argument and they deserve no additional attention.

[16]Link argues that I must use a de novo standard of review for this issue. He is incorrect. Link mistakenly relies on cases where a district judge has referred a plea and plea agreement to a magistrate judge for a report and recommendation as compared with cases where, as here, the defendant has consented to the magistrate judge acting as a district judge for trial and sentencing purposes. For a discussion of the proper standard of review in appeals from a magistrate judge's trial and sentencing decisions in cases like this one, see Kilpatrick, 347 F. Supp. 2d at 698, 701.

agreement is not made pursuant to Rule 11(c)(1)(C), the sentencing judge has wide discretion to impose a sentence that is more punitive than the sentence recommended by the government pursuant to the plea agreement. See e.g., United States v. Nicholson, 231 F.3d 445, 450-51 (8th Cir. 2000), cert. denied, 532 U.S. 912 (2001) (affirming a prison sentence for a single mother despite government's recommendation of probation made pursuant to a plea agreement).

Here, the sentence that Judge Piester imposed was within the properly computed advisory Guidelines range and, as we shall see in a moment, was presumptively reasonable. Furthermore, the judge's reason for rejecting the recommended sentence (the seriousness of the offense) was arguably supported by the facts of the offense (flying a helicopter at 100 feet over the heads of 6 deer) and that reason (seriousness of the offense) was also consistent with one of the statutory sentencing factors that judges are directed to consider. See 18 U.S.C. § 3553(a)(2)(A). Consequently, I am not persuaded that Judge Piester abused his discretion simply because he failed to impose the sentence recommended in the plea agreement.

### *The Deficient Presentence Report, the Importance of the Defendant's History and Characteristics, and the Reasonableness of the Sentence*

When the Guidelines have been correctly calculated, as they were here, the only remaining issue is whether the ultimate sentence is "reasonable." United States v. Booker, 543 U.S. 220, 261-62 (2005). In this regard, a sentence within the applicable Guidelines range (like this one) is presumptively reasonable. United States v. Medearis, 451 F.3d 918, 920 (8th Cir. 2006).

As a result, my review of the sentence for "reasonableness" is akin to an abuse-of-discretion standard. United States v. Goody, 442 F.3d 1132, 1134 (8th Cir.), petition for cert. filed (Aug. 14, 2006) (No. 06-6079). When exercising sentencing

discretion, the Eighth Circuit has said that a "sentencing court may act unreasonably if it fails to consider a matter of relative importance, gives significant weight to an improper or irrelevant matter, or arrives at a sentence outside of the range justified by the facts of the case." Medearis, 451 F.3d at 920 (citing United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005)). Ultimately, the reviewing court examines whether "the sentence imposed is 'reasonable' in light of the factors articulated in 18 U.S.C. § 3553(a)." United States v. Likens, 464 F.3d 823, 825 (8th Cir. 2006).

A presentence report was statutorily required. 18 U.S.C. § 3552(a) ("A United States probation officer shall make a presentence investigation of a defendant that is required pursuant to the provisions of Rule 32(c) . . . .) (emphasis added)).[17] That document is considered to be so important that the "defendant may not waive preparation of the presentence report." U.S.S.G. § 6A1.1(b) (emphasis added).[18]

The contents of such report "must . . . contain" the "defendant's history and characteristics including" the defendant's "criminal record," the defendant's "financial condition" and "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence . . . ." Fed. R. Crim. P. 32(d)(2)(A) (emphasis added). Rule 32(d) requires an examination of the defendant's "history and characteristics" because those factors are among the sentencing factors that a

---

[17]Judge Piester might have found that the record enabled him to exercise his sentencing authority without such a report, but, if he did so, he was required to "explain his finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). See also U.S.S.G. § 6A1.1. The judge made no such decision or finding in this case.

[18]Given this anti-waiver provision, the fact that Link and his counsel made themselves available for, but were denied, an interview with the probation officer, and that Link's counsel asserted the same "semi-objection" to the presentence report that the government submitted, I cannot agree with the counsel for the government that Link "invited" the error.

sentencing judge must consider when selecting a sentence. See 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the history and characteristics of the defendant . . . .") (emphasis added).

A proper presentence "report is intended to present a complete picture of the defendant" so that the judge may make a fully informed decision. 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure, § 522.1 at 98 (3d ed. 2004) (footnote omitted) (emphasis added). Importantly, the Guidelines themselves emphasize that a "thorough presentence investigation ordinarily is essential in determining the facts relevant to sentencing." U.S.S.G. § 6A1.1 commentary (emphasis added).

In Link's case, there is no doubt that the "abbreviated" presentence report failed to comply with Rule 32. The report did not include an interview of Link despite the willingness of the defendant and his counsel to participate in an interview. Except for criminal history, the presentence report contained little or nothing about the defendant's "history and characteristics" particularly regarding the defendant's "financial condition" and "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence . . . ." Fed. R. Crim. P. 32(d)(2)(A). Indeed, the writer of the report lamented that she had no information about whether Link was "a suitable candidate for probation." (Filing 7 at 3.)

Moreover, Judge Piester did not specifically address Link's history and characteristics when he announced the sentence or in the statement of reasons.[19]

---

[19] I realize, of course, that "[n]othing in § 3553(a) or in the Booker remedy opinion requires 'robotic incantations' that each statutory factor has been considered." United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (citations omitted). That said, Judge Piester's failure to discuss the defendant's history and characteristics is important because it tells me that the failure of the presentence report to address the topic is likely to have had some bearing on the judge's sentence.

Thus, it is impossible to know how Judge Piester dealt with the defendant's history and characteristics, a factor that he was required to consider under section 3553(a). Still further, from the detailed information provided to me about Link, data that Judge Piester did not have, I cannot say that the absence of that information in the presentence report was harmless. On the contrary, the missing information could very well have changed a judge's mind about the challenged conditions of probation.

Putting the foregoing together, I find and conclude that (1) where a sentencing judge, when selecting conditions of probation, does not have a presentence report that contains the information required by Rule 32 regarding the defendant's history and characteristics, (2) where the sentencing judge makes no statement about the defendant's history and characteristics when announcing the disposition and selecting the conditions of probation, and (3) where the missing information regarding the defendant's background is highly material to the selection of appropriate conditions of probation, the sentence is "unreasonable" even though it is within the Guidelines. In such a case, the sentencing judge will be deemed to have failed "to consider a matter of relative importance[.]" Medearis, 451 F.3d at 919. That is, the sentencing judge failed to adequately consider the "history and characteristics" of the defendant as required by 18 U.S.C. § 3553(a)(1). It follows therefore that Link is entitled to be sentenced again.

Accordingly,

IT IS ORDERED that

1. The appeal (filing 14) is sustained, the sentence (filings 8 and 13) is vacated, the reference to Judge Piester is withdrawn, and this matter is set for re-sentencing before the undersigned on February 7, 2007 at 12:00 noon. The defendant shall be present at re-sentencing.

2      The government is given until the close of business on January 29, 2007, to submit information responsive to the affidavits submitted by Link regarding his history and characteristics. Link is given until the close of business on February 2, 2007, to submit information responsive to any submission made by the government. Any factual disputes will be resolved at sentencing.[20]

January 10, 2007.              BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge

---

[20] At oral argument, the parties agreed to the foregoing method for resolving disputes at re-sentencing. Furthermore, given the fact that the government and the defendant will both be allowed to supplement the presentence report regarding the defendant's history and characteristics, I may find and conclude at re-sentencing that this additional information is sufficient to obviate the necessity of a more detailed presentence report. See Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2).